## Commonwealth v. Hopkins

*Thomas F. Morgan*, for Commonwealth.
*James R. Irwin*, for defendant.

REILLY, *P.J.*, January 23, 1981—This matter comes before the court on the basis of a summary appeal nunc pro tunc transferred from the Court of Common Pleas of Crawford County, Pa. Karen S. Hopkins, a/k/a Karen S. Erb, was arrested on June 17, 1979, and charged with operating a motor vehicle while her Pennsylvania operator's license was under suspension. Neither the facts surrounding the arrest nor the offenses committed by defendant leading to the suspension of her license are in question, as set forth in the briefs. The relevant facts have been agreed upon and the documents attached to Commonwealth's brief have been stipulated to. The sole issue of this appeal is whether defendant received sufficient notice of her license suspension to uphold the violation charged.

Defendant is charged with violation of section 1543 of the Vehicle Code, 75 Pa.C.S.A. §1543, which reads: "(a) Offense Defined—Any person who drives a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled is guilty if a summary offense. . . ." Defendant contends that she never received notice of the suspension from the Department of Transportation and therefore cannot be found guilty of the present violation. The Commonwealth has shown several letters of notice sent to defendant's address and which were returned "unclaimed." This seems to support defendant's contention that no actual notice of the suspension was ever received. In Com. v. Kane, 460 Pa. 582, 333 A. 2d 925 (1975), it was held that proof that defendant had actual notice of the suspension of his operator's license was necessary to establish an essential element of the crime. Kane also was an appeal from a conviction of driving while under suspension, and defendant never received actual notice because of a mixup by the Department of

Transportation as to his correct address. The Commonwealth could show only that notice was mailed and not that it was received by defendant at his correct address. The error was not caused by any fault of defendant.

The case at bar, however, is distinguishable from Kane in that respect. Karen S. Hopkins did not receive actual notice of her suspension because she either failed to claim her mail or she moved before the notices were sent. Not until defendant was arrested on the present charge was the Department of Transportation aware of her new address. Using the only address made available to them, the Department of Transportation took every reasonable means to notify defendant. Defendant never notified them of her new address. Section 1515 of the Vehicle Code reads: "Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued . . . such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses. . . ."

In Com. v. Bainbridge, 69 Schuyl. 78 (1973), the same question as we have here confronted the court. They held that where the operator failed to notify the department of change of address, he cannot avail himself of the defense of insufficient notice when said notice is mailed to the address as appears on the records of the Department of Transportation. Defendant's failure to notify the Department of Transportation in the present case made it impossible for the actual notice to be given despite all reasonable efforts to do so. To allow Karen Hopkins to avail herself of such a defense would be permitting a violation of one section of the Vehicle Code to defeat a conviction for violation of

another section of the same code. Such is contrary to the principles of the legal system in general and purpose of the code specifically.

Wherefore, the court denied appellant's appeal from the finding of the district magistrate.